KLEIN, J.
Appellant plaintiff was diagnosed with kidney failure in 1997. He alleges that it resulted from his taking medicine for high blood pressure which was prescribed by defendant Dr. Elias in 1990 and purchased from defendant Walgreens. His negligence claim against Dr. Elias asserts that persons taking this medicine are supposed to be examined annually and that Dr. Elias did not examine him after 1990, but continued to prescribe it. His claim against Walgreens is for dispensing the medicine based on expired prescriptions.
The trial court granted Dr. Elias’ motion for summary judgment on the ground that it was barred by the four year statute of repose, section 95.11(4)(b), Florida Statutes (1995). The motion asserted that the last contact Dr. Elias had with the plaintiff was in 1990, and suit was not filed until 1998. The court accepted Dr. Elias’ argument that there was no evidence that he had prescribed any medication for plaintiff after 1990.
Walgreens had in its records an indication that the prescription had been renewed in 1996 by a person named Jane. Dr. Elias had an employee named Jane who had authority to refill prescriptions for him. There was also testimony from Walgreens’ employees to the effect that, under the circumstances in this case, they would normally call the physician who had originally authorized the prescription. Although Walgreens’ records were not very clear, there were additional witnesses whose depositions had not yet been taken, which plaintiff brought to the attention of the trial court at the summary judgment hearing. The court rejected that argument, concluding that plaintiff should have deposed the witnesses sooner.
Although plaintiff may not ultimately be able to establish the involvement of Dr. Elias within four years of the filing of this suit, it was premature for the trial court to enter a summary judgment at this stage of the proceedings as Dr. Elias did not establish the absence of material issues of fact. We therefore reverse.
DELL and STONE, JJ., concur.